Tamara E. JOHNSON, Appellant

v.

Gerard M. ALLGEIER, Edward J. Allgeier and Carol A. Allgeier, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 24, 2004.
Filed June 16, 2004.

---

Richard J. Schubert, Pittsburgh, for appellant.

Eric Purchase, Erie, for appellees.

Before: DEL SOLE, P.J.,
MUSMANNO and ORIE MELVIN, JJ.

DEL SOLE, P.J.:

¶ 1 This is an appeal from a trial court order granting preliminary objections and dismissing Appellant's complaint with prejudice. The trial court ruled that Appellant's service of original process by a constable was improper and the ultimate service of the complaint by the sheriff was not accomplished until after the expiration of the statute of limitations. Accordingly it granted Appellees' preliminary objections and dismissed the complaint.[1] This appeal followed. Upon review we conclude Appellant's action was timely commenced and therefore we reverse and remand.

¶ 2 Following an automobile accident on December 16, 2000, Appellant sought to institute a negligence action with the filing of a praecipe for Writ of Summons on December 12, 2002. That same day the writ was served by a Pennsylvania consta-ble. On February 13, 2003, Appellees filed a Praecipe for Rule to File a Complaint, specifically noting that jurisdiction would be challenged. Thereafter on April 7, 2003, Appellant filed her complaint which was served on Appellees by a sheriff on April 14, 2003. Appellees subsequently filed preliminary objections which were ultimately granted by the trial court, prompting the filing of the instant appeal.

■ ¶ 3 This action which seeks recovery for injuries suffered as a result of motor vehicle accident is governed by a two-year statute of limitations. 42 Pa. C.S.A. § 5524. Thus, it was necessary for Appellant to commence her action before December 16, 2002. On December 12, 2002, she filed with the court a writ of summons. The ultimate question becomes whether that filing under the circumstances of this case caused her action to commence in a timely fashion.

¶ 4 The statute of limitations is a legislative act. It specifically directs that an action to recover damages for injuries to a person caused by the wrongful or negligent act of another must be commenced within two years. 42 Pa.C.S.A. § 5524(2). The legislature has further provided in 42 Pa.C.S.A. § 5503(a) that a matter is "commenced for the purposes of this chapter" when a document embodying the matter is filed. Subsection (b) of § 5503 notes that court rules may be implemented further defining the document which, when filed, shall constitute the commencement of a matter. Rule 1007 of the Rules of Civil Procedure so provides, for it states in pertinent part "An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons." Thus, it has

---

**1.** The appropriate means to raise the bar of the statute of limitations is as an affirmative defense with the filing of New Matter in a responsive pleading. Pa.R.C.P. 1030. However, Appellant did not object to the issue being raised by means of preliminary objec-tions either before the trial court or on appeal; therefore we will proceed to determine whether the statute of limitations acts to bar Appellant's action under the facts of this case. *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882, 885 (1976).

been "repeatedly held that, pursuant to this rule, the mere filing of a praecipe to commence an action is sufficient to toll the running of the statute of limitations." *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882, 885 (1976). Accordingly, by law and rule an action may be timely commenced with the filing of a praecipe for writ of summons, and in this case such action was undertaken in a timely manner.

■ ¶ 5 The trial court did not recognize that Appellant timely instituted her action when she timely filed her praecipe for writ of summons. Rather, the trial court terminated the matter based upon Appellant's failure to properly serve the writ by means of a sheriff's service before expiration of the statute of limitations. The question of the timely serving of a praecipe for writ of summons was the subject of the seminal case of *Lamp v. Heyman*. Therein the Court was concerned with a common practice at the time of "filing a praecipe with the prothonotary to toll the statute of limitations but then, whether because settlement negotiations are in progress or because more time is needed to prepare the case, to delay or prevent service upon the defendant." 366 A.2d at 886. In an effort to curb potential abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons without attempting to effectuate service, the Court set forth a new ruling. It held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 889. Thus an action can be timely commenced by the filing of a praecipe for writ of summons

within the statutory time period. However this timely filing will be nullified where the plaintiff stalls the judicial process by failing to make a good faith effort at service. The Supreme Court explained the rationale for its ruling in *Lamp:*

> Although an action may be "commenced" by filing a praecipe for writ of summons, until this original process is served the defendant remains unaware that he has been sued. It would be inherently unfair, as well as contrary to the purposes of statutes of limitation, to permit the limitation period to be tolled without the defendant being apprised that he might continue to be subject to liability. Thus in *Lamp* we gave added significance to the link between the praecipe for issuance of the writ and the requirement that the writ be served. In essence, we recognized service, or at least a good faith attempt at service, as a kind of condition subsequent that must be fulfilled to complete the commencement of the action begun by filing the praecipe.

*Witherspoon v. City of Philadelphia*, 564 Pa. 388, 768 A.2d 1079, 1083 (2001).

¶ 6 Accordingly, the statutory provisions, rules and relevant case law do not require personal service to be achieved prior to the expiration of the statute of limitations. Rather they provide that such service of a timely filed writ must be undertaken in good faith to assure that a defendant is aware of the pending action. *See Sardo v. Smith*, 2004 PA Super 172. The rules direct that original process is to be served within thirty days after the issuance of the writ or the filing of the complaint, and that it is to be, except in certain situations,[2] accomplished by the sheriff. Pa.R.C.P. 400 and 401.

---

**2.** It is to be noted that there are many exceptions to the general rule of service by a sheriff. In certain types of actions, including equity matters, service may be made by any

competent adult, Pa.R.C.P. 400(b). This is also true in actions in the First Judicial District, Pa.R.C.P. 400.1, and in domestic relations matters. See Pa.R.C.P.1930.4. In ac-

¶ 7 The trial court in this case properly noted that service of the original writ, which was done by a constable, was not in keeping with the rules. *See Vogel v. Kutz,* 348 Pa.Super. 133, 501 A.2d 683 (1985). However this determination is not critical to the question of whether Appellant's action against Appellees was timely commenced. As *Lamp* instructs, the proper inquiry is to determine whether Appellant engaged in a course of conduct following her timely filing of a praecipe for writ of summons which was designed to stall the proceedings and which therefore failed to appraise Appellees of the institution of an action against them.

¶ 8 A review of the clear facts of record demonstrates that Appellant commenced this action within the applicable statutory time limit. Appellant filed her praecipe for writ of summons within two years of the accident. Service of this writ was done by a constable with a return of service form filed. Admittedly this initial service of the writ was not in keeping with the rules. However it did provide notice of the action as evidenced by the return of service form and the fact that Appellees' counsel entered an appearance and filed a Praecipe for Rule to File a Complaint. More importantly, Appellant promptly filed a complaint following the praecipe and had service of that complaint timely made by a sheriff in accordance with Rule 400. These facts demonstrate that Appellant did not engage in a course of conduct which was designed to stall the judicial machinery and delay the litigation. Rather, she demonstrated a good faith effort to serve a timely filed praecipe for writ of summons.

¶ 9 While the trial court in this matter was correct in striking the service made by the constable as improper under the rules,

it erred in dismissing this action as barred by the statute of limitations. In keeping with the ruling of *Lamp* and the rationale behind it, we find that Appellant's actions in this matter did comport with the statutory provisions and rules regarding the timely commencement of an action within the applicable limitation period. Accordingly, we reverse the trial court's dismissal of Appellant's action and remand for proceedings consistent with this opinion.

¶ 10 Order reversed. Case remanded. Jurisdiction relinquished.

tions where the sheriff is a party to the action the coroner is the person who shall effectuate service. Pa.R.C.P. 400(c). Accordingly, per-

sonal jurisdiction in many instances is recognized without service by a sheriff.