J-A11002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EMILY JIMENEZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BURLINGTON STORES, INC., T/A, | : | No. 1409 EDA 2021 |
| D/B/A BURLINGTON COAT FACTORY | : | |

Appeal from the Order Entered June 11, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  200301765

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:              **FILED OCTOBER 26, 2022**

Emily Jimenez ("Jimenez") appeals from the June 11, 2021 order sustaining the preliminary objections of Burlington Stores, Inc., t/a, d/b/a Burlington Coat Factory ("Burlington") and dismissing Jimenez's claims with prejudice for improper service pursuant to ***Lamp v. Heyman***, 366 A.2d 882, 889 (Pa. 1976) ("[A] writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.").  After careful review, we reverse and remand.

This case arose after an incident on April 4, 2018, when Jimenez was patronizing Burlington's store at 700 East Hunting Park Avenue in Philadelphia. While browsing, Jimenez injured her eye on an item protruding from a shelf. ***See*** Complaint, 4/7/21, at ¶ 7.  On March 13, 2020, Jimenez commenced this

civil action by filing a *praecipe* for a writ of summons. Her claims sounded in negligence and, consequently, were subject to a two-year statute of limitations. *See* 42 Pa.C.S. § 5524(2). Thus, her filing of the *praecipe* was timely. Thereafter, she had thirty days in which to serve Burlington before the writ of summons would need to be reinstated. *See* Pa.R.C.P. 401(a).

On March 18, 2020, our Supreme Court declared a statewide judicial emergency in response to the COVID-19 pandemic. *See In re: General Statewide Judicial Emergency*, 228 A.3d 1283, 1285 (Pa. 2020) ("March 18 Emergency Order"). In pertinent part, the High Court suspended "all time calculations for purposes of time computation relevant to court cases or other judicial business, as well as time deadlines[.]" *Id*. The courts of common pleas were declared to be open only for "essential" functions. *Id*. at 6. In a supplemental order, the Supreme Court provided specific guidance with respect to the effect of its emergency declaration upon the rules governing service of original process:

> The non-exhaustive list of essential functions provided as guidance to the Courts of Common Pleas shall include:
>
> > Commencement of a civil action, by *praecipe* for a writ of summons, for purposes of tolling a statute of limitations. However, all related procedural rules, **including rules regarding service of original process**, are suspended as set forth in this Court's [o]rder of March 18, 2020.

*In re: General Statewide Judicial Emergency*, 228 A.3d 253, 253 (Pa. 2020) (emphasis added) ("March 24 Emergency Order). The emergency suspensions from our Supreme Court lasted until April 30, 2020. *See In re:*

- 2 -

*General Statewide Judicial Emergency*, 229 A.3d 229, 230 (Pa. 2020) ("April 1 Emergency Order") (stating that suspension of time calculations was extended until April 30, 2020); *In re: General Statewide Judicial Emergency*, 230 A.3d 1015, 1017 (Pa. 2020) ("April 28 Emergency Order").

Contemporaneously, on April 13, 2020, counsel for Burlington entered an appearance in this matter. *See* Entry of Appearance, 4/13/20, at 1.

Following the end of the emergency, Jimenez's time to serve Burlington with the original writ expired on May 25, 2020. *See* Pa.R.C.P. 401(a). Two weeks later, on June 11, 2020, Jimenez reissued her writ of summons. On June 25, 2020, a process server attempted to deliver a copy of the writ to the Burlington location at 700 East Hunting Park Avenue, but the store was out of business. Jimenez filed an affidavit of non-service in the trial court. *See* Affidavit, 7/10/20, at 1 ("Service was NOT SERVED on 6/30/2020 at 2:12 PM, for the reason described below: COMPANY OUT OF BUSINESS AT THE LOCATION." (emphases in original removed)).

On October 28, 2020, Jimenez reinstated the writ. In lieu of personal service, Jimenez sent a certified letter to a corporate address associated with Burlington located in New Jersey. *See* Affidavit of Service, 12/22/20, at 1. A return receipt indicates the letter was delivered on November 5, 2020. Burlington concedes that it received notice from Jimenez via certified mail. On April 7, 2021, Appellant filed a complaint making out claims of negligence.

On April 27, 2021, Burlington filed preliminary objections alleging that Jimenez had improperly served the writ of summons. In this filing, Burlington mistakenly asserted that Jimenez had never reinstated the writ after June 11, 2020, and, therefore, that service of the writ by certified mail on October 28, 2020, was untimely pursuant to Pa.R.C.P. 404 (providing "ninety days" in which to serve original process "outside of the Commonwealth" following reissuance of a writ of summons). *See* Preliminary Objections, 4/27/21, at ¶¶ 10-21. Thus, Burlington argued service was "improper since the writ had lapsed and was not effective." *Id*. at ¶ 19. Additionally, Burlington averred Jimenez had "failed to make service . . . prior to the expiration of the statute of limitations." *Id*. at ¶ 20. Overall, Burlington claimed Jimenez's cause of action should be dismissed for failing to make a "good faith" effort at service pursuant to *Lamp*, *supra* at 889. *See* Memorandum of Law in Support of Preliminary Objections, 4/27/21, at 4.

Jimenez responded in opposition. She corrected Burlington by noting that her writ of summons had been properly reinstated on October 28, 2020, *i.e.*, the same day that it was mailed to Burlington in New Jersey. *See* Answer to Preliminary Objections, 5/17/21, at ¶¶ 5, 19. She also averred she was not under an obligation to attempt service between March 18, 2020, and April 30, 2020, due to the Supreme Court's emergency orders. *Id*. at ¶ 3. Jimenez also detailed her efforts to serve Burlington at its closed storefront in June 2020. *Id*. at ¶ 13. Thereafter, "[m]ore research was needed in terms of

finding a proper service address of [Burlington]." *Id*. Ultimately, her counsel "found a proper service address" for Burlington in October 2020, shortly before service was completed. *Id*. Finally, Jimenez noted that Burlington appeared to have had actual notice of this lawsuit shortly after it was commenced due to counsel's entry of appearance in April 2020. *Id*. at ¶ 14. Thus, Jimenez claimed she pursued service in good faith and, ultimately, served Burlington in compliance with the Rules of Civil Procedure.

In a reply memorandum, Burlington abandoned its initial arguments and adopted a new tack, asserting that Jimenez had waited too long in ascertaining an alternative address for Burlington after her initial attempt service was unsuccessful. *See* Reply Memorandum, 5/19/21, at 3 ("No explanation is given for why [Jimenez] could not ascertain the address of Burlington's corporate headquarters any time sooner."). Burlington also asserted without evidentiary support that there were "other, open" Burlington stores in the Philadelphia area that would have accepted service of original process from Jimenez. *Id*. at 4. Thus, Burlington argued Jimenez had not pursued service with good faith. Although it contained new averments of fact, the memorandum was not verified as required by Pa.R.C.P. 206.3.

Less than one week later, the trial court sustained Burlington's preliminary objections. *See* Order, 5/25/21, at 1. Consequently, Jimenez

had little opportunity to respond to this new theory of relief.[1]  Notice of the docketing of this order dismissing Jimenez's claims with prejudice was not sent to the parties until June 12, 2021.  Jimenez filed a timely notice of appeal on July 6, 2021.[2]  Both the trial court and Jimenez have complied with the respective mandates of Pa.R.A.P. 1925.  In this appeal, Jimenez avers the trial court legally erred and abused its discretion in sustaining Burlington's objections, arguing she complied with **Lamp** through her "good faith" efforts at service.  Jimenez's brief at 9.  We agree.

_____

[1]  We are troubled by the trial court's failure to conduct any supplemental factfinding before sustaining Burlington's preliminary objections.  The Rules provide that an objection to improper service "cannot be determined from facts of record."  **See** Note to Pa.R.C.P. 1028(c)(2).  Additionally, Rule 1028(c)(2) also requires that "[i]f an issue of fact is raised, the court **shall** consider evidence by depositions or otherwise."  Pa.R.C.P. 1028(c)(2) (emphasis added).  In applying these requirements, our Supreme Court has observed that "[t]he trial court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions, or an evidentiary hearing."  **American Housing Trust, III v. Jones**, 696 A.2d 1181, 1185 (Pa. 1997).  This Court has remanded where "clear issues of fact" are "not resolved" on the existing record.  **See Szekely v. Abilene Flour Mills Co.**, 237 A.2d 242, 244 (Pa.Super. 1967).  However, we have overlooked noncompliance where the underlying controversy does not require additional fact-finding.  **See Wimble v. Parx Casino and Greenwood Gaming & Entertainment, Inc.**, 40 A.3d 174, 179 (Pa.Super. 2012).  Since this matter may be resolved on the available evidence, we decline to remand.

[2]  Generally, "the time for appeal commences following the **entry** of a final order."  **Reeves v. Middletown Athletic Ass'n**, 866 A.2d 1115, 1120 (Pa.Super. 2004) (emphasis in original).  For such purposes, "an order is 'entered' when it has been docketed and notice of the docketing has been given to the parties."  **Id**.  Thus, Jimenez's time in which to appeal did not begin to "run" until notice of the underlying order was docketed on June 12, 2021.  Thus, her notice of appeal was timely filed.

In general, this Court will "reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion." ***Cooper v. Frankford Health Care System, Inc.***, 960 A.2d 134, 144 (Pa.Super. 2008). In the specific context of preliminary objections for improper service of process, we conduct our review by applying "the same standard as the trial court." ***Bellan v. Penn Presbyterian Medical Center***, 271 A.3d 506, 509 (Pa.Super. 2022). To wit, "where noncompliance with ***Lamp*** is alleged, the trial court must determine in its sound discretion whether a good-faith effort to effectuate notice was made[.]" ***Gussom v. Teagle***, 247 A.3d 1046, 1048 (Pa. 2021). We also bear in mind that preliminary objections seeking dismissal of the underlying action "may be properly sustained by the trial court only if the case is free and clear of doubt." ***American Housing Trust, III v. Jones***, 696 A.2d 1181, 1183-84 (Pa. 1997).

We begin our review by observing that the ***Lamp*** rule was adopted to safeguard defendants against a potential exploit that exists in the Pennsylvania Rules of Civil Procedure. Specifically, the Rules permit a plaintiff to commence a civil action by filing, *inter alia*, a *praecipe* for a writ of summons. ***See*** Pa.R.C.P. 1007(1). In general, the timely filing of a *praecipe* to commence an action is sufficient to toll the running of the statute of limitations. ***See Johnson v. Allgeier***, 852 A.2d 1235, 1237 (Pa.Super. 2004). Thereafter, the Rules provide the plaintiff thirty days in which to serve the defendant with original process, after which the writ expires. ***See***

Pa.R.C.P. 401(a). However, the Rules also provide the plaintiff may reissue the writ "at any time and any number of times." *See* Pa.R.C.P. 401(b)(1)-(2). However, "[s]o long as the plaintiff file[d] her writ . . . before the expiration of the statute of limitations applicable to her cause of action, the original filing, as well as any subsequent reissuances or reinstatements, toll[ed] the statute of limitations." ***Gussom***, ***supra*** at 1048. Thus, each such tolling restarted the period of statutory limitation. ***See Devine v. Hutt***, 863 A.2d 1160, 1167 (Pa.Super. 2004) ("When a plaintiff successfully tolls the applicable statute of limitations . . ., the action is kept alive for a period equal to the original statute of limitations.").

In ***Lamp***, our Supreme Court sought "to end abuses of process by plaintiffs who tolled the statute of limitations by filing a writ of summons, had the writ repeatedly reissued, and deliberately failed to notify the defendant of the pending litigation." ***McCreesh***, ***supra*** at 665. Such procedure, "while technically compliant with the [Rules], nonetheless defeated the purpose of the statute of limitations, which is to protect defendants from stale claims." ***Id***. Thus, ***Lamp*** provided that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." ***Lamp***, ***supra*** at 889. Our Supreme Court has subsequently refined this rule to require plaintiffs to undertake "a good-faith effort to effectuate notice of commencement of the action." ***Farinacci v. Beaver County***

*Industrial Dev. Authority*, 511 A.2d 757, 759 (Pa. 1986). In this context, a "good faith attempt at service" is best described as "a kind of condition subsequent that must be fulfilled to complete the commencement of the action begun by filing the *praecipe*." *Johnson*, *supra* at 1237.

Our Supreme Court has aptly summarized the current state of the law interpreting *Lamp*, and its practical application, as follows:

> [*Lamp*] and its progeny require a plaintiff to make a good-faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, pursuant to [*McCreesh*], a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

*Gussom*, *supra* at 1047–48. Finally, "[w]hat constitutes a 'good faith' effort . . . is a matter to be assessed on a case-by-case basis." *Englert v. Fazio Mechanical Services, Inc.*, 932 A.2d 122, 124 (Pa.Super. 2007). With these general legal principles in mind, we turn to the case at bar.

In rejecting Jimenez's arguments concerning good faith, the trial court explained its reasoning as follows:

> Jimenez demonstrated an "intent to stall the judicial machinery" by (1) never attempting to notify Burlington of the March 13, 2020

- 9 -

Writ of Summons by service or otherwise before the statute of limitations deadline; (2) in the three months after the statute of limitations expired, making no effort to notify Burlington of the Writ of Summons by service or otherwise; (3) failing to attempt to notify Burlington of the Writ of Summons over a four-month period despite Burlington having several business locations in Philadelphia County, each of which would have been amenable to notice or service of the Writ; and (4) failing to file a motion for alternative service if Jimenez was having difficulty serving Burlington.

Trial Court Opinion, 11/15/21, at 6 (cleaned up). We discern several errors of law in the trial court's analysis.

In its first justification and throughout its Rule 1925(a) opinion, the trial court suggests that **Lamp** somehow requires a plaintiff to complete service of process prior to the expiration of the original statutory period of limitation. **See id.** at 4-6 (suggesting that failure to effectuate service "before the statute of limitations deadline" was detrimental to Jimenez's position). This Court has rejected such an interpretation of **Lamp**. **See Johnson**, **supra** at 1237 ("[T]he statutory provisions, rules and relevant case law do **not** require personal service to be achieved prior to the expiration of the statute of limitations. Rather they provide that such service of a timely filed writ must be undertaken **in good faith** to assure that a defendant is aware of the pending action." (emphases added)). Indeed, the **Lamp** rule would be wholly unnecessary if this were the case. **See**, **e.g.**, **McCreesh**, **supra** at 674 (disapproving generally of "an objective bright line standard of compliance that is wholly inconsistent with the concept of good faith"). Moreover, once Jimenez timely commenced this action, the statutory period of limitation was

- 10 -

essentially restarted anew with each reissuance of the writ. ***See Devine***, ***supra*** at 1167. Thus, the trial court's first rationale affords no basis for sustaining Burlington's preliminary objection.

The trial court's second point of reasoning claims Jimenez should have attempted to serve Burlington irrespective of the Supreme Court's COVID-19 orders. ***See*** Trial Court Opinion, 11/15/21, at 6 n.1 (emphasis omitted) ("These orders did not suspend the ***Lamp*** rule's requirement that a plaintiff make a good-faith effort to notify a defendant, by service or otherwise, of the lawsuit filed against it."). We must disagree. The text of the Supreme Court's March 24, 2020 order belies the trial court's interpretation. ***See*** March 24 Emergency Order at 253 (suspending "all" procedural rules pertaining to the commencement of civil actions, including "rules regarding service of original process"). Since ***Lamp*** indisputably concerns service of original process, we conclude the rule was also effectively suspended through April 30, 2020. ***See*** April 1 Emergency Order at 230; April 28 Emergency Order at 1017. Thus, the trial court also erred by misinterpreting the effect of the Supreme Court's emergency orders on service of process. Jimenez was under no obligation to attempt service pursuant to ***Lamp*** while these orders remained in force.

The trial court's third point asserts Jimenez did not have a reasonable basis for taking approximately four months to locate an alternative address for Burlington and complete service by certified mail. The trial court found that this time period constituted an unreasonable delay because Burlington

allegedly had "several business locations in Philadelphia County, each of which would have been amenable to notice or service of the Writ[.]"  Trial Court Opinion, 11/15/21, at 6.  The trial court only reached this conclusion, however, by relying upon unverified statements of fact.

Specifically, the trial court's reasoning is based upon the following sentence in Burlington's reply memorandum:  "No explanation is given for why [Jimenez] could not have served Burlington at one of its other, open store locations in Philadelphia (also easily found)."  Reply Memorandum, 5/19/21, at 4.  However, Burlington offered no documentary evidence in support of this bare averment.  No such store locations were identified with particularity.  Furthermore, no proof was offered that these stores were open for business during this phase of the COVID-19 pandemic.  Moreover, Burlington offered no statements that would permit a conclusion that an "agent" would have been available to accept service.  *Cf.* Pa.R.C.P. 402(a)(2) ("Original process may be served at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.").

Although such documentary support is not required, averments of new fact must be verified.  *See* Pa.R.C.P. 206.3 ("A petition or an answer containing an allegation of fact which does not appear of record shall be verified.").  Although it contains novel factual averments, Burlington's reply memorandum was not verified.  Thus, it was erroneous for the trial court to consider the uncorroborated facts stated therein to sustain Burlington's

- 12 -

preliminary objections. *See d'Happart v. First Commonwealth Bank*, ___ A.3d ___, 2022 WL 3131274, at *9 (Pa.Super. Aug. 5, 2022) (noting that a trial court erred to the extent it considered facts in an unverified submission that were not already present in the record). Even assuming, *arguendo*, that Burlington could establish the existence of these other locations, a plaintiff is "not required to attempt service at [alternative] locations in order to fulfill her good faith requirement." *Shackelford v. Chester County Hosp.*, 690 A.2d 732, 737 (Pa.Super. 1997). Thus, this third justification is of no moment.

Finally, the trial court's fourth justification avers Jimenez should have filed a request for alternative service pursuant to Pa.R.C.P. 430. Our review of governing precedent reveals no requirement that a plaintiff must prophylactically seek court dispensation for "special" accommodations whenever a potential issue of service arises. Furthermore, since Jimenez was ultimately able to serve Burlington in compliance with the ordinary Rules governing service, the trial court's position is simply untenable.

Contrary to the trial court's discussion, Jimenez's service upon Burlington was fully compliant with the Rules of Civil Procedure. Her commencement of this civil lawsuit was indisputably timely. *See* 42 Pa.C.S. § 5524(2); Pa.R.C.P. 1007(1). Thereafter, Jimenez was not immediately required to complete service due to the Supreme Court's COVID-19 orders. Once the High Court's emergency suspension was lifted, Jimenez reinstated her writ of summons within two weeks of its expiration and attempted to serve

Burlington at the location of the accident with the assistance of a process server. ***See*** Pa.R.C.P. 400.1(a)(1) (indicating that service of "original process" may be served by "a competent adult" for civil actions commenced in Philadelphia). This effort was unsuccessful due to circumstances beyond Jimenez's control, *i.e.*, the store was out of business. Jimenez filed an affidavit reflecting these circumstances. ***See*** Pa.R.C.P. 405(a). From July 2020 to October 2020, she conducted research and, ultimately, ascertained an alternative address to effectuate service by certified mail. ***See*** Pa.R.C.P. 404(2) (permitting service outside of the Commonwealth by mail) (citing Pa.R.C.P. 403). After the writ was reinstated one last time October 28, 2020, Jimenez immediately mailed it within the relevant time limit. ***See*** Pa.R.C.P. 404 (providing service of a writ outside the Commonwealth must be completed without ninety days of issuance). Finally, Jimenez filed a return receipt reflecting completion of service. ***See*** Pa.R.C.P. 405(c).

These facts do not warrant dismissal under ***Lamp***. As a general matter, there is no *per se* period of time within which a writ of summons or a complaint must be reissued for service purposes. ***See*** Pa.R.C.P. 401(b)(1)-(2) (providing that a writ of summons may be reissued at "any time"); ***Education Resources Institute, Inc. v. Cole***, 827 A.2d 493, 497 (Pa.Super. 2003) (finding "no authority" for the contention that an eight-month delay before reinstatement constituted "bad faith" or otherwise rendered the filing unservable). In the specific context of ***Lamp***, this Court has found that a

plaintiff may act in good faith in even where many months elapse between initial, unsuccessful attempts at service and successful notification by alternative means. *See **Frick v. Fuhai Li***, 225 A.3d 573, 581-82 (Pa.Super. 2019) (finding plaintiff acted in good faith where approximately eight months elapsed between her unsuccessful attempts at personal service at one address and the accomplishment of service by alternative means). Thus, we find no support for the proposition that **Lamp** is violated merely because it takes a plaintiff a significant amount of time to complete service.

The touchstone of **Lamp** is a good-faith **effort** to complete service that evinces a lack of intent to stall the judicial machinery or prejudice the defendant. Here, Jimenez attempted to serve Burlington within Pennsylvania at a recently closed business address. Thereafter, Jimenez averred without contradiction that she took several months to locate an alternative address at which to serve Burlington outside of the Commonwealth. Once this address was ascertained, she completed service upon Burlington. We also bear in mind that service of process in this case was overshadowed by the COVID-19 pandemic. In this context, "the occurrence of the pandemic and the struggles and confusion it wrought . . . should be borne in mind" as they relate to good-faith efforts under **Lamp**. **Ferraro v. Patterson-Erie Corporation**, 2022 WL 1717935, at *2 n.2 (Pa.Super. May 27, 2022) (non-precedential decision).

Hence, we conclude that these events, which fully complied with the Pennsylvania Rules of Civil Procedure, reflect a diligent effort to effectuate

service by Jimenez. Therefore, we reverse the order of the trial court sustaining Burlington's preliminary objections on the grounds of improper service and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2022