J-S04031-22

2022 PA Super 32

| GERALD BELLAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENN PRESBYTERIAN MEDICAL | : | No. 1118 EDA 2021 |
| CENTER | : | |

Appeal from the Order Entered May 3, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 200901301

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED FEBRUARY 22, 2022**

Gerald Bellan ("Appellant") appeals from the order entered by the Court of Common Pleas of Philadelphia County granting the preliminary objections of Appellee Penn Presbyterian Medical Center ("PPMC") and dismissing Appellant's complaint with prejudice. After careful review, we affirm.

Appellant initiated this medical professional liability action to recover damages for injuries that he allegedly sustained while he was being treated as a patient at PPMC. Appellant was admitted to PPMC on September 24, 2018 where he underwent a cervical laminectomy. Appellant alleged that, upon his discharge from PPMC on November 28, 2018, he had developed severe pressure wounds.

On November 28, 2018, Appellant was initially transferred from PPMC to Merwick Care and Rehabilitation Center in Plainsboro, New Jersey.

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant was transferred back to PPMC on two occasions on December 26, 2018 and January 4, 2019 to be treated for low hemoglobin and a gluteal abscess, respectively.

On January 23, 2019, Appellant was again discharged from PPMC and transferred to Kindred Hospital – TCU (Transitional Care Unit)). However, Appellant was transferred back to PPMC on two occasions on February 14, 2019 and May 8, 2019 to be treated for wound management and an abdominal fistula repair, respectively.

Appellant asserts that the nursing staff at PPMC failed to adequately treat his pressure wounds by turning and repositioning him every two hours and failed to follow through with other necessary nursing interventions. Appellant contends that his medical records contain no documentation PPMC nurses had performed necessary interventions for his pressure wounds.

On September 23, 2020, Appellant filed a complaint against PPMC sounding in medical malpractice/negligence. It is undisputed that Appellant failed to serve PPMC within thirty days of filing the complaint and did not attempt to reinstate the complaint.

On January 20, 2021, the trial court listed the matter for a case management conference. On February 16, 2021, the trial court rescheduled the case management conference at Appellant's request for Appellant to complete service. On February 17, 2021, Appellant filed an affidavit of service, certifying that service had been made on PPMC via email on February 15, 2021.

On February 23, 2021, counsel for PPMC entered his appearance. On March 2, 2021, PPMC filed preliminary objections, which included its claim pursuant to Pa.R.C.P. 1028(a)(1) based on improper service of the complaint. PPMC argued that Appellant did not serve PPMC in a timely manner between the filing of its complaint on September 23, 2020 and his email service on February 15, 2021. In addition, PPMC noted that Appellant did not seek to reinstate the complaint or file an affidavit of no-service.

On March 23, 2021, Appellant filed a response to PPMC's preliminary objections in which he conceded that he failed to serve PPMC with his complaint within thirty days of its filing. Appellant also acknowledged that he did not make any attempt to reinstate the complaint, but alleged that PPMC did not suffer any prejudice as a result.

In addition, Appellant alleged that he had attempted to serve PPMC at its General Counsel's Office on September 29, 2020 but was unsuccessful. Specifically, Appellant claimed that his process server was informed that personnel would not return to the General Counsel's Office until after 2020. Appellant argued that PPMC failed to leave anyone in charge to accept service or provide instructions to those attempting service. Appellant alleged that he tried to find an agent of PPMC who would accept service of his complaint, but was unable to do so.

On May 3, 2021, the trial court entered an order on the docket sustaining PPMC's preliminary objections as to service of process and dismissing Appellant's complaint. On May 5, 2021, Appellant filed a praecipe

- 3 -

to reinstate the complaint, which the trial court did not address. On May 26, 2021, Appellant filed this timely appeal.

Appellant raises the following question for our review on appeal:

> Whether Appellee/Defendant being closed for service for several months due to COVID, and, therefore is not accepting service, equitably provides more time for Appellant/Plaintiff to serve the Complaint, allowing the Complaint to remain effective, where [Appellant] previously made a good faith attempt at service and Appellee/Defendant suffered no prejudice from the timing of service.

Appellant's Brief, at 3.[1]

In reviewing a trial court's order sustaining preliminary objections for improper service of process,

> [o]ur standard of review ... is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.

*Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 162 (Pa.Super. 2013) (citation omitted).

---

[1] While our Supreme Court declared a general, statewide judicial emergency relating to the COVID-19 pandemic, this designation expired on June 1, 2020. Appellant infers that PPMC's Office of General Counsel, like many corporate offices at that time, was closed to the public as a result of the pandemic.

It is well-established that "[s]ervice of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her." **Lerner v. Lerner**, 954 A.2d 1229, 1237 (Pa.Super. 2008) (quoting **Cintas Corp. v. Lee's Cleaning Services, Inc.**, 549 Pa. 84, 91, 700 A.2d 915, 917 (1997) (citing **Sharp v. Valley Forge Medical Ctr. and Heart Hosp.**, Inc., 422 Pa. 124, 221 A.2d 185 (1966)).

Pennsylvania Rule of Civil Procedure 401(a) provides that "[o]riginal process shall be served within 30 days after the issuance of the writ or the filing of the complaint." Pa.R.C.P. 401(a). If the plaintiff is unable to serve the complaint within the period prescribed by Rule 401(a), the plaintiff may file a praecipe for the reissuance of the writ or reinstatement of the complaint in order to continue its validity. Pa.R.C.P. 401(b).[2]

Our courts have provided that "[s]o long as the plaintiff files her writ or complaint before the expiration of the statute of limitations applicable to her cause of action, the original filing, as well as any subsequent reissuances or reinstatements, tolls the statute of limitations." **Gussom v. Teagle**,

_____

[2] Our rules of civil procedure also require a plaintiff to submit a return of service to the trial court averring that service of original process has been made. Pa.R.C.P. 405(a). In the event that service could not be made and the writ has not been reissued or the complaint reinstated, a plaintiff must make a "return of no service" upon the expiration of the period allowed for service. Pa.R.C.P. 405(a).

___Pa.___, 247 A.3d 1046, 1048 (2021). The Supreme Court in **Gussom** outlined the relevant precedent related to this topic:

> "In the seminal case of **Lamp v. Heyman**, 469 Pa. 465, 366 A.2d 882 (1976), this Court sought to end abuses of process by plaintiffs who tolled the statute of limitations by filing a writ of summons, had the writ repeatedly reissued, and deliberately failed to notify the defendant of the pending litigation." **McCreesh v. City of Philadelphia**, 585 Pa. 211, 888 A.2d 664, 665 (2005). "This process, while technically compliant with the Rules of Civil Procedure, nonetheless defeated the purpose of the statute of limitations, which is to protect defendants from stale claims." **Id.** Thus, in **Lamp**, this Court held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." **Lamp**, 366 A.2d at 889. This "**Lamp** rule" applies equally to actions commenced by way of the filing of a complaint.
>
> We refined the **Lamp** rule in **Farinacci v. Beaver County Industrial Development Authority**, 510 Pa. 589, 511 A.2d 757, 759 (1986), holding that "**Lamp** requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action." In addition, **Farinacci** clarified that: (1) the plaintiff carries an evidentiary burden of proving that she made a good-faith effort to ensure that notice of the commencement of an action was served on the defendant, **McCreesh**, 888 A.2d at 672; and (2) "[i]n each case, where noncompliance with **Lamp** is alleged, the [trial] court must determine in its sound discretion whether a good-faith effort to effectuate notice was made[,]" **Farinacci**, 511 A.2d at 759.
>
> This Court's most recent decision in the **Lamp**-line of cases is **McCreesh**, **supra**. In **McCreesh**, the Court expressed that when plaintiffs' improper actions in serving original process put defendants on actual notice of the commencement of actions, trial courts should "dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." **McCreesh**, 888 A.2d at 674.
>
> ***
>
> Although **McCreesh** made clear that a plaintiff could fulfill her good-faith service mandate without strictly complying with the service rules as long as her efforts resulted in actual notice of the

lawsuit to the defendant, like **Farinacci**, **McCreesh** did nothing to modify a plaintiff's duty to act diligently to serve notice of the commencement of an action so as not to undermine the policies that drive the statute of limitations. Nor, for that matter, did **McCreesh** change the rule clarified in **Farinacci** that the plaintiff carries an evidentiary burden to prove that she made a good-faith effort to effectuate service of process in a timely manner. To the contrary, as observed throughout this opinion, the **McCreesh** Court alluded to this evidentiary requirement. **See id**. at 672 ("We subtly altered our holding in **Lamp** in **Farinacci**, requiring plaintiffs to demonstrate 'a good-faith effort to effectuate notice of commencement of the action.'").

In sum, **Lamp** and its progeny require a plaintiff to make a good-faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, pursuant to **McCreesh**, a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

**Gussom**, 247 A.3d at 1048, 1057.

In **Gussom**, the plaintiff attempted to serve the defendant with her timely complaint but learned the defendant had moved to Virginia. After filing an affidavit of non-service, the plaintiff took no further action until she filed a *praecipe* to reinstate the complaint five weeks after the statute of limitations expired. The Supreme Court found that the plaintiff failed to meet her

evidentiary burden to show she made a good-faith effort to timely effectuate service. *Id*. at 1057-58.

The Supreme Court also noted in *Gussom* there was no evidence to show the plaintiff's action or inaction gave the defendant actual notice of the lawsuit in a timely manner. *Id*. Thus, the Supreme Court upheld the trial court's order sustaining the defendant's preliminary objection based on improper service.

In the instant case, Appellant's complaint alleged that, during his hospitalization at PPMC from on September 24, 2018 through November 28, 2018, he developed severe pressure wounds as a result of the negligence of PPMC's nursing staff. Thus, Appellant was subject to the two-year statute of limitations set forth in 42 Pa.C.S.A. § 5524(2) (stating that actions must be commenced within two years … "to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another").

Appellant timely commenced this action by filing a complaint on September 23, 2020. However, Appellant did not serve PPMC within thirty days of filing his complaint and did not seek to reinstate the complaint to maintain its validity. The trial court record and docket reflect that Appellant took no action to serve PPMC until he filed an affidavit of service on February 17, 2021, claiming that PPMC had accepted service via email on February 15, 2021, which was months after the statute of limitations had already expired.

We reject Appellant's argument that he made a good faith effort to serve PPMC with the complaint, solely based on his allegation that he made one attempt to serve PPMC on September 29, 2020. Appellant indicated that his attempt to complete personal service was unsuccessful as the process server was informed by front desk security in the General Counsel's office that no one would be working in the office until after 2020.

Appellant fails to explain why he neither filed an affidavit of no-service with the trial court nor informed the trial court in any way that PPMC had not been served with the complaint in violation of Pa.R.C.P. 405(a).

Moreover, after Appellant's first attempt at service was unsuccessful, Appellant offers no evidence that he diligently made an effort to discover how to serve PPMC or provide any notice to PPMC of the action. Appellant did not seek permission from the trial court to use an alternative method of service pursuant to Pa.R.C.P. 430.

Instead, Appellant's counsel took no action until five months later on February 15, 2021 when an associate in his firm contacted PPMC's Office of General Counsel through email, informed them that Appellant had unsuccessfully attempted to personally serve his complaint, and asked if PPMC's Office of General Counsel would accept his complaint via email.

Nancy VanTrieste, claims administrator at the Office of General Counsel, promptly replied to this email and indicated that she was able to accept service by email or, in the alternative, was able to meet with Appellant's process server on Wednesdays. Within an hour of Appellant's initial email, Ms.

VanTrieste confirmed that she accepted service of Appellant's complaint on behalf of PPMC.

Appellant offers no explanation as to why he could not have made this inquiry months earlier.  To the contrary, Appellant's lack of due diligence is apparent in this case, and his attempt to blame the COVID-19 pandemic as the cause of the lack of timely service is misplaced.

Since there is no evidence of record to show that Appellant's actions gave PPMC actual notice of his action in a timely manner, Appellant cannot rely on this Court's decision in *McCreesh* to argue that he should be given an equitable exception to the good-faith service mandate without strictly complying with the service rules. As noted above, our courts have never modified a plaintiff's duty to act diligently to serve notice of the commencement of an action so as not to undermine the policies that drive the statute of limitations. *Gussom*, *supra*.

As a result, we conclude that Appellant failed to produce evidence to show he acted diligently in making a good-faith effort to serve PPMC with notice that he had filed his complaint.  Accordingly, we affirm the trial court's decision to sustain PPMC's preliminary objection with respect to Appellant's improper service of the complaint pursuant to Pa.R.C.P. 1028(a)(1) and dismissing Appellant's complaint.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/22/2022</u>