J-A15035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| DEWITT WIMBS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MOLLY WOLFSON | : | No. 927 WDA 2022 |

Appeal from the Order Entered July 14, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 20-012092

BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:              **FILED: August 30, 2023**

Dewitt Wimbs (Wimbs) appeals from the order entered in the Court of Common Pleas of Allegheny County (trial court) granting the preliminary objections of Molly Wolfson (Wolfson) based on the statute of limitations and dismissing his personal injury complaint.  Wimbs challenges the trial court's finding that he did not make a good faith effort to effectuate service within the limitations period.  We affirm.

**I.**

**A.**

This case arises from a motor vehicle accident that occurred nearly five years ago on the night of November 26, 2018, in Pittsburgh, Pennsylvania.

---

* Retired Senior Judge assigned to the Superior Court.

Wimbs brought this negligence action to recover damages for injuries he allegedly sustained when Wolfson failed to stop at a stop sign while traveling at an unsafe speed and drove her car into the passenger side of his vehicle, causing him to collide with another car.

Wimbs initiated this action on November 25, 2020, by filing a praecipe for writ of summons one day before the two-year statute of limitations expired.[1] Wimbs made no attempt to serve the initial writ on Wolfson and he had the writ reissued ten times from December of 2020 through September of 2021. Wimbs attempted service once through the Allegheny County Sheriff on December 17, 2020, with a service address for Wolfson of 131 Hartle Road in Glenshaw, Pennsylvania. That service attempt was unsuccessful and the Sherriff's comment on the docket read: "Deft does not live at this address, lives in the Bloomfield area of the City of Pittsburgh."

Wimbs filed his complaint against Wolfson on April 29, 2022. Wolfson filed preliminary objections to the complaint on May 20, 2022, for Wimbs' failure to file and serve the praecipe for writ of summons and/or complaint upon her within the prescribed statutory time period and his lack of good faith effort to serve her. Counsel for Wolfson advised that she was never authorized

---

[1] *See* 42 Pa.C.S. § 5524(7) (setting two-year statute of limitations period for negligence actions).

to accept service on behalf of Wolfson and never accepted service or spoke with Wimbs' counsel about this matter.

Wimbs filed a response to the preliminary objections averring that he had made reasonable efforts to affect service of the writ of summons and obtain a valid address for Wolfson after learning that she no longer resided at the Glenshaw address. Wimbs also maintained that after the Sherriff was unable to affect service, he contacted counsel for Wolfson's insurer in July of 2021 to request her address and provide notice of the pending lawsuit, and that counsel entered an appearance on behalf of Wolfson in September of 2021.

Wolfson filed a supplement to the preliminary objections attaching an affidavit averring that from the date of the alleged incident until May of 2021, she lived in the Bloomfield area in the City of Pittsburgh; she currently resides in the Highland Park area of the City of Pittsburgh; to date she has not been served with or given papers relating to this lawsuit by any sheriff; and she has not resided on Hartle Road in Glenshaw at any point in time pertinent to this action.

**B.**

The trial court entered its order granting the preliminary objections and dismissing this case on July 14, 2022, after the parties presented their respective positions at oral argument. Wimbs timely appealed and the trial court issued a Rule 1925(a) opinion. *See* Pa.R.A.P. 1925. The trial court

explained that dismissal of this case is appropriate because Wimbs' issuance of the writ 11 times with only one attempt at service did not constitute a good faith effort to serve and provide notice of this lawsuit to Wolfson; this lack of effort to effectuate service demonstrated an intent to stall and did, in fact, stall the judicial machinery making this litigation stale; and there is no evidence that Wolfson had actual notice of this suit prior to the expiration of the statute of limitations. (**See** Trial Court Opinion, 8/29/22, at 1-2).

## II.

## A.

Wimbs first contends the trial court erred in sustaining Wolfson's preliminary objections given that he filed the writ of summons within the statute of limitations period and acted in good faith in attempting to effectuate service. (**See** Wimbs' Brief, at 7-10).[2] He maintains that his conduct served

---

[2]

> In reviewing a trial court's order sustaining preliminary objections for improper service of process, our standard of review . . . is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.

**Bellan v. Penn Presbyterian Med. Ctr.**, 271 A.3d 506, 509 (Pa. Super. 2022), *appeal denied*, 283 A.3d 793 (Pa. 2022) (citation omitted).

to toll the statute of limitations and requests that we remand with instructions for Wolfson to file an answer to the complaint.

We begin by observing that the "purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 671 (Pa. 2005). "It is well-established that service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." *Bellan*, *supra* at 509. "Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her." *Id.* (citation omitted).

Pennsylvania Rule of Civil Procedure 401 provides that "original process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint." Pa.R.C.P. 401(a). If the plaintiff is unable to serve the defendant within this time period, he may file a praecipe for reissuance of the writ or reinstatement of the complaint in order to continue its validity. *See* Pa.R.C.P. 401(b)(1). Our case law has provided that as long as the plaintiff files his writ or complaint before the expiration of the applicable statute of limitations period, the original filing and any subsequent reissuances or reinstatements tolls the statute of limitations. *See Bellan*, *supra* at 509.

There are, however, limits on this tolling mechanism. In ***Lamp v. Heyman***, 366 A.2d 882 (Pa. 1976), the Pennsylvania Supreme Court sought to limit the potential for abuse by plaintiffs who toll the statute of limitations by filing a writ of summons, have the writ repeatedly reissued, and fail to make a good faith effort to notify the defendant of the pending action. ***See Lamp***, ***supra*** at 888-889. The Court concluded that this process, while technically compliant with the Rules of Civil Procedure, is inconsistent with the purpose of the statute of limitations which is to avoid stale claims and make the process of justice as speedy and efficient as possible. ***See id.*** at 889. It held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." ***Id.*** Thus,

> ***Lamp*** and its progeny require a plaintiff to make a good-faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise.

***Bellan***, ***supra*** at 510 (some citations omitted).

"What constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." ***Englert v. Fazio Mech. Servs., Inc.***, 932 A.2d 122, 124 (Pa. Super. 2007), *appeal denied*, 938 A.2d 1053 (Pa. 2007) (citation omitted). "Where noncompliance with ***Lamp*** is alleged,

the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." ***Id.*** (citation omitted). In making this decision:

> It is not necessary that the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of ***Lamp*** will apply. **Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out** may be sufficient to bring the rule in ***Lamp*** to bear. Thus, **conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith** on the part of the plaintiff.

***Id.*** (citation omitted; emphasis added).

Applying the foregoing precepts to the instant case, we agree with the trial court's determination that Wimbs' actions did not serve to toll the statute of limitations. Wimbs made only one attempt to serve Wolfson with the writ of summons after the statute of limitations period expired in December of 2020. When that attempt was unsuccessful and the sheriff's office informed him of Wolfson's Bloomfield area residence, there is no indication that he made a diligent effort to locate her then-current address to effectuate proper service. Instead, several months later in July of 2021, Wimbs contacted Wolfson's insurance company to request her address and advise it of this lawsuit. He did not file the complaint until April 2022, about three-and-one-half years after the incident giving rise to his claims occurred.

Given these circumstances, Wimbs' lack of due diligence is apparent from the record which shows that he failed to fulfill his responsibility to ensure that the requirements for service were met. His lack of effort worked to delay

notice of the action and rendered the allegations he makes in this litigation stale. *See Englert*, *supra* at 124. Accordingly, Wimbs' first issue merits no relief.

**B.**

We next address Wimbs' contention that under *McCreesh*, *supra*, Wolfson was required to establish prejudice because she had actual knowledge of the lawsuit and that she has failed to offer any evidence of prejudice. (*See* Wimbs' Brief, at 10-12). Wimbs points to the fact that he contacted counsel for Wolfson's insurer to request her address and to counsel's entry of appearance for Wolfson in September of 2021, which he claims demonstrates actual notice of the suit.

In *McCreesh*, the plaintiff served a writ of summons on the Philadelphia City Law Department **within** the applicable statute of limitations period. However, the writ was served by certified mail, which was procedurally improper. *See McCreesh*, at 666. The plaintiff then effected service by hand delivery as required after the statute of limitations had expired. The *McCreesh* Court determined that the technically deficient service by mail was nonetheless acceptable, where counsel for the city received actual notice of the litigation within the statute of limitations period and remanded the case to the trial court to consider whether the city suffered prejudice as a result of the delay of proper service. *See id.* at 674. The Court concluded that strict

compliance with the procedural rules was unnecessary under these circumstances and explained:

> Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we . . . would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.

*Id.* at 674.

The Court was also careful to emphasize that the plaintiff did eventually formally serve the defendant with process, that without proper service jurisdiction could not attach, and that its holding does not address situations where a plaintiff never complies with the rules governing service of process. *See id.* at 666, n.1.

Here, Wimbs did not formally serve Wolfson with the writ of summons or complaint by any means. Instead, the only actions that he took were to attempt to serve the writ on Wolfson at an address at which she did not reside and to contact counsel for her insurance company to advise of the suit **after** the statute of limitations had expired. While counsel for the insurance company did enter an appearance for Wolfson, this did not occur until September of 2021, about a year after the statute of limitations period expired. The absence of actual notice within the statute of limitations and lack of eventual proper service distinguishes it from **McCreesh**, wherein the attorney for the defendant received the writ of summons within the prescribed

statutory timeframe, albeit through certified mail rather than personal delivery as required. While **McCreesh** excuses technical non-compliance with procedural rules under limited circumstances, in this case, there was no significant attempt to comply with the rules whatsoever.

Accordingly, for the foregoing reasons, we affirm the trial court's July 14, 2022 order granting Wolfson's preliminary objections to Wimbs' complaint and dismissing the complaint.

Order affirmed.

Judge Murray joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2023