J-S26018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MAMADOU BARRY AND MIRIAM BARRY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 232 EDA 2023 |
| NATIONWIDE AND NATIONWIDE MUTUAL INSURANCE COMPANY | : | |

Appeal from the Order Entered January 5, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220303161

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED NOVEMBER 14, 2023**

Mamadou Barry and Miriam Barry ("the Barrys") appeal from the order sustaining Nationwide and Nationwide Mutual Insurance Company's ("Nationwide") preliminary objections for lack of service and dismissing the Barrys' complaint.  After review, we affirm.

The trial court set forth the facts and procedural history as follows:

[On July 17, 2014, the Barrys were involved in a car accident.] The accident occurred when Mr. Barry was driving westbound on Luzerne Street near its intersection with Front Street in Philadelphia, Pennsylvania, with Ms. Barry in the passenger seat. Another vehicle travelling westbound, operated by Juan Delacruz ("Mr. Delacruz"), collided with the rear of their vehicle.  [The Barrys] allege that they sustained injuries from the accident, caused solely by the negligence of Mr. Delacruz.  [The Barrys filed suit against Mr. Delacruz and settled with him in or around June 2018.]  After discovering that Mr. Delacruz did not maintain sufficient limits of liability insurance, [the Barrys] sought [underinsured motorist benefits ("UIM benefits")] for the alleged

injuries and losses they sustained from the accident, to which they believed they were entitled under their insurance policy with Nationwide.

[The Barrys commenced this action by filing a complaint on March 30, 2022, alleging that Nationwide failed to pay them [UIM benefits] provided by their insurance policy.]

Nationwide filed preliminary objections to [the Barrys'] complaint on October 3, 2022, seeking dismissal of the action for failure to serve the complaint. Nationwide stated that as of the date of filing its preliminary objections, the Barrys had not filed an affidavit of service, and it was unaware of any attempts, defective or otherwise, to serve the complaint since they had initiated the action 197 days earlier. On October 4, 2022, the Barrys filed a *praecipe* to reinstate the complaint, more than six months after its initial filing.

On October 24, 2022, [the Barrys] filed a response to Nationwide's preliminary objections. In their response, they asserted that the court should overrule the preliminary objections because Nationwide was on notice of their claim and had not been prejudiced by the delay in service and because they had not intentionally delayed service. [The Barrys] stated that before settling their case against Mr. Delacruz in 2018, Nationwide granted their request for consent to settle by way of letter dated June 13, 2018. In September 2020, before initiating the current action, [the Barrys] sent a settlement demand to Nationwide, to which they state Nationwide responded on October 5, 2020, requesting additional information. [The Barrys] attached Nationwide's letters from June 13, 2018 and October 5, 2020 as Exhibits A and B to their response. Based on the correspondence from June 13, 2018 and October 5, 2020, [the Barrys] contend that Nationwide was on notice of their UIM claims against it, despite not initiating this action until March 30, 2022. They admit that the complaint was inadvertently not served after it was filed because of "an oversight on [the Barrys'] counsel's part."

In their response, [the Barrys] also state that the day after Nationwide filed its preliminary objections, they realized the complaint had not been served and filed a *praecipe* to reinstate the complaint. While they claim they subsequently served the complaint by regular mail, return receipt requested, they provided no proof that service was effectuated in the manner described and

there is no affidavit of service or other evidence on the docket reflecting any attempt at service.

Trial Court Opinion, 3/14/23, at 1-3 (citations and footnotes omitted).

On January 4, 2023, based on the lack of evidence of any attempt to serve the complaint over the course of almost a year since the action was initiated, and no affidavit of service, the trial court sustained Nationwide's preliminary objections and dismissed the Barrys' complaint.

On January 12, 2023, the Barrys filed this timely appeal. The Barrys and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

The Barrys raise the following single issue:

Whether the trial court abused its discretion and misapplied the law when it sustained [Nationwide's] preliminary objections regarding [the Barrys'] unintentional delay in serving the complaint even though [Nationwide] was aware of the claim and [] did not suffer any prejudice, whatsoever, by the delay in service?

Barrys' Brief at 6.

On appeal, the Barrys' claim that the trial court erred in granting Nationwide's preliminary objections based on lack of service. Specifically, they argue that the failure to serve the complaint was inadvertent and they did not act in bad faith by delaying service to gain an advantage in the litigation. Barrys' Brief at 12. According to the Barrys, they alleged in their response to Nationwide's preliminary objections that they served the complaint in October 2022 after receiving the preliminary objections, but the

trial court disregarded this. They further maintain that, after the court ruled on Nationwide's preliminary objections and issued its opinion, they filed an affidavit of service. The Barrys, therefore, claim that the court erred in concluding that they presented no evidence of service. *Id.* at 13-14.

The Barrys also argue that Nationwide was not prejudiced by the delay in service. According to the Barrys, Nationwide had actual notice of their UIM claim based on letters they sent to Nationwide regarding their settlement with Mr. Delacruz and their settlement demand for UIM benefits, to which Nationwide responded. *Id.* at 13, 15. They further point out that Nationwide did not even claim it was prejudiced. Consequently, the Barrys argue that the trial court erred in taking the extreme measure of dismissing their complaint. *Id.* at 12.

For the following reasons, we disagree.

In considering a trial court's order sustaining preliminary objections for improper service of process,

> our standard of review . . . is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.

*Bellan v. Penn Presbyterian Med. Ctr.*, 271 A.3d 506, 509 (Pa. Super. 2022), *appeal denied*, 283 A.3d 793 (Pa. 2022) (citation omitted).

Rule 1028(a)(1) of the Pennsylvania Rules of Civil Procedure permits a party to raise preliminary objections based on "improper form or service of a writ of summons or a complaint." Pa.R.C.P. 1028(a)(1). This includes failure to properly serve a complaint in compliance with the Pennsylvania Rules of Civil Procedure for service of original process. *McCreesh v. City of Philadelphia*, 888 A.2d 664, 667 (Pa. 2005).

This Court has stated: "[s]ervice of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her." *Lerner v. Lerner*, 954 A.2d 1229, 1237 (Pa. Super. 2008) (quoting *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 917 (Pa. 1997)).

Rule 401 provides that "original process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint." Pa.R.C.P. 401(a). If the plaintiff is unable to serve the defendant within this time, he/she may file a *praecipe* for reissuance of the writ or reinstatement of the complaint in order to continue its validity. Pa.R.C.P. 401(b). "So long as the plaintiff files [the] writ or complaint before the expiration of the statute of limitations applicable to [the] cause of action, the original filing, as well as any subsequent reissuances or reinstatements,

tolls the statute of limitations." ***Gussom v. Teagle***, 247 A.3d 1046, 1048 (Pa. 2022).

Recently, in ***Gussom***, our Supreme Court assimilated several major cases addressing the dismissal of a complaint for lack of service and their holdings, including ***Lamp v. Heyman***, 366 A.2d 882 (Pa. 1976), ***Farinacci v. Beaver Co. Indus. Dev. Auth.***, 511 A.2d 757 (Pa. 1986) and ***McCreesh***, *supra*. The Court articulated the following standard:

> In sum, ***Lamp*** and its progeny require a plaintiff to make a good-faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, pursuant to ***McCreesh***, a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but ***diligent*** attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

***Gussom***, 247 A.3d at 1057 (emphasis added). It is within the sound discretion of the trial court to determine whether a good-faith effort to effectuate notice was made. ***Id.*** at 1048.

Here, the trial court concluded that the Barrys failed to satisfy their burden that they made a good-faith effort to diligently and timely serve the complaint on Nationwide as required. Trial Court Opinion, 3/14/23, at 3, 5.

- 6 -

In reaching this decision, the trial court noted that, after the complaint was filed in March 2022, there was no indication that the Barrys served or attempted to serve Nationwide for almost a year during the pendency of the litigation. *Id.* at 5. In fact, the Barrys admitted that counsel inadvertently failed to serve the complaint but offered no explanation as to what caused counsel's oversight. *Id.* at 7-8. As the trial court observed, although unintentional, counsel's neglect nevertheless does not establish a good faith effort to effectuate service. *Id.* at 8 (citing *Gussom*, 247 A.3d at 1048 (affirming dismissal of a plaintiff's complaint based on plaintiff's failure to timely serve defendant even though the plaintiff's actions in failing to serve were not intentional); *Farinacci*, 511 A.2d at 760 (holding a delay in service attributable to counsel's failure to take necessary steps to effectuate service was insufficient to establish good-faith effort)).

The trial court further found unavailing the Barrys' claim that, once they received the preliminary objections, they took steps to serve Nationwide. The court acknowledged that, on October 4, 2022, one day after the preliminary objections were filed, the Barrys filed a *praecipe* to reinstate the complaint and claimed in their response to the preliminary objections that they served the complaint on Nationwide by regular and certified mail, return receipt. However, the trial court highlighted that, they "provided no affidavit of service or other proof that such an attempt was ever made." *Id.* at 5, 8. Instead, the Barrys only made a bald assertion that the complaint had been sent out for service. *See id.* at 3, 8.

- 7 -

However, the Barrys now claim, for the first time, that they filed an affidavit of service, and this proves that they actually mailed the complaint to Nationwide in October 2022, as they claimed in their response to Nationwide's preliminary objections. Thus, they contend that the trial court's disregard of this mailing and resulting dismissal of their complaint for lack of service was invalid. Barrys' Brief at 14.

Upon review of the record, we conclude that reference or reliance on affidavit of service would be improper in this case. The affidavit of service is not part of the certified record and therefore, this Court cannot consider it. *See Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006). "[A]n appellate court is limited to considering only the materials in the certified record when resolving an issue . . . . [U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent." *Id.* Moreover, the Barrys' inclusion of an updated trial court docket showing that the affidavit was filed with the trial court (not even an actual, time stamped copy of it) cannot remedy this deficiency. *See id.*

> The emphasis on the certified record is necessary because, unless the trial court certifies a document as part of the official record, the appellate judiciary has no way of knowing whether that piece of evidence was duly presented to the trial court or whether it was produced for the first time on appeal and improperly inserted into the reproduced record. Simply put, if a document is not in the certified record, the Superior Court may not consider it.

*Id.* at 6-7.

- 8 -

This is exactly what occurred here. The trial court clearly did not have the benefit of considering the affidavit of service, as it was filed well after the trial court entered its order sustaining Nationwide's preliminary objections and the notice of this appeal. As such, the document is beyond our scope of review and the Barrys cannot now use it to prove their claim that service was properly effectuated.

For these reasons, we conclude that the trial court did not abuse its discretion or err in determining that the Barrys failed to establish they engaged in a good-faith effort to serve Nationwide with their complaint in a diligent and timely manner.

Nevertheless, the Barrys argue that their complaint should proceed because Nationwide had actual notice of their action for UIM benefits, despite the lack of service. They maintain that the correspondence they sent to Nationwide in 2018 put Nationwide on notice of their action in 2022. As such, Nationwide was not prejudiced, and the trial court should not have sustained the preliminary's objections to dismiss their complaint. In support of their position, they cite **McCreesh**, *supra*. Barrys' Brief at 10, 14-15.

In **McCreesh**, the plaintiff served the writ of summons on the Philadelphia City Law Department within the applicable statute of limitations period, but served it by certified mail, which was procedurally improper. There was no dispute, however, that the City's attorney actually received the writ of summons at that time. **See McCreesh**, 888 A.2d at 666. The plaintiff later effected proper service by hand delivery as required, but after the statute of

limitations had expired. The *McCreesh* Court determined, however, that the plaintiff's technically deficient service by mail constituted a good-faith effort at notice, where the City's attorney received actual notice of the litigation within the statute of limitations and was not otherwise prejudiced. *Id.* at 666 n.1. Consequently, the Court concluded that the plaintiff made a good-faith effort to serve the City with notice, even though she did not comply strictly with the rules. *See id.* at 674.

In *Gussom*, the Court explained that *McCreesh* did not change the requirement that a plaintiff must act diligently in serving the complaint:

> the Court sought to resolve a pattern of conflicting opinions from the intermediate courts. On the one hand, some of those decisions required plaintiffs to comply strictly with the rules regarding service to satisfy the *Lamp-Farinacci* good-faith requirement, while, on the other hand, different panels allowed "a more flexible approach, excusing plaintiffs' initial procedurally defective service where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced[.]" *McCreesh*, 888 A.2d at 666. After explaining that "[n]either our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice[,]" the Court stated that it embraced the logic of cases which "would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." *McCreesh*, 888 A.2d at 674.
>
> Although *McCreesh* made clear that a plaintiff could fulfill her good-faith service mandate without strictly complying with the service rules as long as her efforts resulted in actual notice of the lawsuit to the defendant, like *Farinacci, McCreesh **did nothing to modify a plaintiff's duty to act diligently*** to serve notice of the commencement of an action so as not to undermine the policies that drive the statute of limitations. Nor, for that matter, did *McCreesh* change the rule clarified in *Farinacci* that the

plaintiff carries an evidentiary burden to prove that she made a good-faith effort to effectuate service of process in a timely manner. To the contrary, as observed throughout this opinion, the *McCreesh* Court alluded to this evidentiary requirement. *See id.* at 672 ("We subtly altered our holding in *Lamp* in *Farinacci*, requiring plaintiffs to demonstrate 'a good-faith effort to effectuate notice of commencement of the action.'").

*Gussom*, 247 A.3d at 1056-57.

Here, the trial court properly concluded that *McCreesh* did not apply. The court explained:

> [T]he "flexible approach" adopted in *McCreesh* concerns "technical missteps where [plaintiff] has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice." This refers to cases where service was defective but good-faith efforts were made such that defendant had "actual notice of the commencement of litigation and was not otherwise prejudiced." The Pennsylvania Supreme Court clarified that this does not "modify a plaintiff's duty to act diligently to serve notice of the commencement of an action so as not to undermine the policies that drive the statute of limitations."

Trial Court Opinion, 3/14/23, at 7. As discussed above, the trial court concluded that, *unlike McCreesh*, there was no evidence on the record that the Barrys took any steps, either proper or improper, to effectuate service diligently and in good faith after they filed their complaint. Consequently, they did not meet their burden of proof. *Id.*

The trial court also concluded that the Barrys' correspondence to Nationwide did not provide Nationwide with actual notice of a formal complaint. The court logically explained:

> [The Barrys] produced two letters from Nationwide dated June 13, 2018 and October 5, 2020 responding to settlement inquiries as proof that Nationwide had "actual notice" of their UIM claim,

- 11 -

> despite the delay in service. They argued that because Nationwide was aware of their UIM claim, they were on notice of this action and were not prejudiced by the delay in service. Those brief correspondences, however, took place well before this action was initiated. Nationwide could not have been on notice of a complaint filed in March 2022 based on letter correspondence exchanged once in 2018 and once in 2020.
>
> Further, just because Nationwide previously might have known about the UIM claim does not prove they had actual notice of this action, initiated years after they informally sought those benefits under their insurance policy. The relevant time frame concerning notice of the commencement of this action could not have begun before the action was commenced, and there is no evidence on the record after the commencement of this action showing that Nationwide had actual notice of its commencement.

Trial Court Opinion, 3/14/23, at 6. The Barrys cite no authority to support their claim that notice of a potential claim is the same as the notice of a formal complaint or actual lawsuit.

Thus, contrary to the Barrys' contention, Nationwide did not have actual notice of their action. Accordingly, there was no reason for the trial court to consider whether the Barrys sought to stall the litigation by their conduct or whether Nationwide was prejudiced.

Based upon the foregoing, we conclude that the trial court did not abuse its discretion in determining that the Barrys failed to establish that they made a good-faith effort to serve Nationwide. As such, the court did not err in sustaining Nationwide's preliminary objections for lack of service and dismissing the Barrys' complaint. Accordingly, we affirm the trial court's order.

Order affirmed. Judge Stabile joins. Judge McLaughlin issues a concurring memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2023