**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DALE KELLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXIS HAAG | : | No. 1137 MDA 2023 |

Appeal from the Order Entered July 5, 2023
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2017-01022

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: APRIL 30, 2024**

Appellant, Dale Keller, appeals from the order entered on July 5, 2023, sustaining preliminary objections filed by Alexis Haag (Haag).  We affirm.

We briefly set forth the facts and procedural history of this case, as gleaned from the certified record, as follows.  On June 1, 2017, Appellant filed a *praecipe* for a writ of summons against Haag.[1]  On August 2, 2017, Appellant filed a *praecipe* to reissue the writ of summons.  Thereafter, no docket activity appears in the certified record for approximately five years and four months.  On December 22, 2022, Haag filed counseled preliminary objections to the writ of summons, arguing that Appellant made no attempt to serve her.  By

---

[*] Former Justice specially assigned to the Superior Court.

[1]  According to Haag, "[t]his suit ar[ose] from an automobile accident that occurred in Northumberland County, Pennsylvania on June 1, 2015."  Haag's Preliminary Objections, 12/22/2022, at ¶1.

order entered on April 20, 2023, the trial court scheduled a proceeding for July 5, 2023. When the proceeding concluded, the court directed the parties to file briefs addressing Haag's preliminary objections. Appellant did not appear before the court and did not file a brief in opposition to Hagg's preliminary objections. By order entered on July 5, 2023, the trial court sustained Haag's preliminary objections, finding:

> [No attempt was made by Appellant] to [] reissue [the writ and] effectuate service thereof, since August 2, 2017, and there is no indication that service was even attempted; here, there was no excuse being offered except COVID-19, but that [was] insufficient as civil court was operational at all times. [Appellant] has not met the [service] requirements of **Lamp v. Heyman**, 366 A.2d 882 (Pa. 1976); [s]ee also **Farinacci v. Beaver County Industrial Authority**, 511 A.2d 757 (Pa. 1986).

Trial Court Order, 7/5/2023, at *1. This timely appeal resulted.[2]

> On appeal, Appellant presents the following issue for our review:

> Whether the trial court abused its discretion and misapplied the law when it sustained [Haag's] preliminary objections, without a factual record, regarding [Appellant's] unintentional lack of service of the writ even though [Haag] was aware of the claim, and [Appellant's] carrier, continued to negotiate with [Appellant] over the years, and [Haag] did not suffer any prejudice whatsoever, by the delay in service?

---

[2] On August 4, 2023, Appellant filed a notice of appeal. On August 18, 2023, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on September 1, 2023. Therein, Appellant claimed only that Haag "waived [her] **Lamp v. Heyman** argument by not raising it for more than 5 years after [Appellant filed] the [w]rit and continu[ed] settlement discussions in the meantime." Rule 1925(b) Statement, 9/1/2023, at ¶1. On September 9, 2023, the trial court issued a statement *in lieu* of a formal opinion.

Appellant's Brief at 7 (numerical and superfluous capitalization omitted).

Appellant argues, in sum:

Under Pennsylvania law, a defendant can file preliminary objections on the basis of improper service if a plaintiff does not timely serve the writ. A court can dismiss the writ for lack of service or improper service if service is not effectuated within 30 days of filing the complaint. This rule [was] established to prevent plaintiff[s] from abusively filing [an] action but not notifying the defendant. However, before dismissing the complaint, the defendant must be prejudiced by the delay in service. Here, [Appellant] did not serve the writ at the time it was filed. However, [Haag] was on notice of the claim, continued to negotiate through her insurer, and she did not suffer any prejudice, whatsoever in the delay of serving the writ. Since [Haag] did not suffer any prejudice, and she did not even argue that [she] was prejudiced in her preliminary objections, the [trial] court erred in sustaining the preliminary objections and dismissing [Appellant's] writ. Therefore, this Court should reverse the trial court and overrule [Haag's] preliminary objections.

*Id.* at 8.

This Court recently determined:

In considering a trial court's order sustaining preliminary objections for improper service of process,

our standard of review ... is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.

***Bellan v. Penn Presbyterian Med. Ctr.***, 271 A.3d 506, 509 (Pa. Super. 2022), *appeal denied*, 283 A.3d 793 (Pa. 2022) (citation omitted).

Rule 1028(a)(1) of the Pennsylvania Rules of Civil Procedure permits a party to raise preliminary objections based on "improper form or service of a writ of summons or a complaint." Pa.R.C.P. 1028(a)(1). This includes failure to properly serve a complaint in compliance with the Pennsylvania Rules of Civil Procedure for service of original process. ***McCreesh v. City of Philadelphia***, 888 A.2d 664, 667 (Pa. 2005).

This Court has stated: "[s]ervice of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her." ***Lerner v. Lerner***, 954 A.2d 1229, 1237 (Pa. Super. 2008) (*quoting* ***Cintas Corp. v. Lee's Cleaning Services, Inc.***, 700 A.2d 915, 917 (Pa. 1997)).

Rule 401 provides that "original process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint." Pa.R.C.P. 401(a). If the plaintiff is unable to serve the defendant within this time, he/she may file a praecipe for reissuance of the writ or reinstatement of the complaint in order to continue its validity. Pa.R.C.P. 401(b). "So long as the plaintiff files [the] writ or complaint before the expiration of the statute of limitations applicable to [the] cause of action, the original filing, as well as any subsequent reissuances or reinstatements, tolls the statute of limitations." ***Gussom v. Teagle***, 247 A.3d 1046, 1048 (Pa. 2022).

Recently, in ***Gussom***, our Supreme Court assimilated [the holdings in] several major cases addressing the dismissal of a complaint for lack of service[,] including ***Lamp v. Heyman***, 366 A.2d 882 (Pa. 1976), ***Farinacci v. Beaver Co. Indus. Dev. Auth.***, 511 A.2d 757 (Pa. 1986) and ***McCreesh***, **supra**. The Court articulated the following standard:

> In sum, ***Lamp*** and its progeny require a plaintiff to make a good-faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible

- 4 -

evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, pursuant to **McCreesh**, a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

**Gussom**, 247 A.3d at 1057 (emphasis added). It is within the sound discretion of the trial court to determine whether a good-faith effort to effectuate notice was made. **Id.** at 1048.

\*　　　　\*　　　　\*

"[A]n appellate court is limited to considering only the materials in the certified record when resolving an issue .... [U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent." [**Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006).]

\*　　　　\*　　　　\*

The emphasis on the certified record is necessary because, unless the trial court certifies a document as part of the official record, the appellate judiciary has no way of knowing whether that piece of evidence was duly presented to the trial court or whether it was produced for the first time on appeal and improperly inserted into the reproduced record. Simply put, if a document is not in the certified record, the Superior Court may not consider it.

**Id.** at 6-7.

***Barry v. Nationwide & Nationwide Mut. Ins. Co.***, 2023 WL 7550795, at

*2–5 (Pa. Super. 2023) (non-precedential decision).[3]

Here, the trial court determined that there was "nothing in the record to

suggest that there had been settlement discussions" either "by way of a

response to the preliminary objections or any testimony" and "[o]ne cannot

simply make [] bald factual assertions for the first time in [his Rule] 1925(b)

statement."   Trial Court Statement In Lieu of Opinion, 9/19/2022, at *2

(unpaginated).   Moreover, the trial court determined:

> [Haag's] preliminary objections included a notice to plead thereto within twenty days after service upon [Appellant].  There was no response.  An order was issued directing the filing of briefs by both parties; however, [Appellant] did not file a brief.  At argument held before the court (which was not requested to be on the record, and no testimony under oath was presented), counsel for [Appellant] only raised an argument as to the COVID-19 pandemic.[4]  This was specious since the court maintained its ability to process civil filings and service of pleadings[, despite the ongoing pandemic].
>
> *          *          *
>
> Over five years have elapsed without any reasonable excuse to effectuate service of the writ.

---

[3]   Pursuant to Pa.R.A.P. 126(b), Superior Court non-precedential decisions filed after May 1, 2019 may be cited for their persuasive value.

[4]  Appellant does not currently argue that the COVID-19 pandemic impeded his ability to serve Haag and we find this aspect of Appellant's argument abandoned and, therefore, waived. ***See Commonwealth v. McGill***, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where McGill abandoned claim on appeal).

*Id.* at \*1; *see also id.* at \*2 ("In the case at bar the context is not days but years without explanation of any good faith effort to move the case forward.").

Here, initially we note that our review is confined to the evidence contained in the certified record. Upon review, the certified record contains Appellant's June 1, 2017 *praecipe* for the original writ of summons and his August 2, 2017 *praecipe* for reissuance of the writ. In addition, the record includes Haag's preliminary objections filed on December 22, 2022, the trial court's July 5, 2023 order sustaining Hagg's preliminary objections, and the subsequent filings pertaining to this appeal. While the trial court held argument on the preliminary objections, there is no indication that the proceeding was transcribed and there are no notes of testimony from that proceeding in the certified record.[5] As such, from our review of the certified record as set forth above, there is no record evidence that the parties were

---

[5] Appellant suggests that the trial court erred "by not developing a record." Appellant's Brief at 10. Because Appellant did not raise this issue before the trial court or in his Rule 1925(b) statement, he cannot raise this aspect of his claim for the first time on appeal and we find it waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Moreover, our Supreme Court has stated that "the absence of notes [of testimony] does not generate some instantaneous, meritorious claim for relief. Instead, if the initially missing notes matter, it becomes a circumstance the appellant or his counsel needs to respond to by, for example, ordering notes counsel failed to order earlier; or seeking an order of court to have ordered notes promptly transcribed, or otherwise made available; or, where notes cannot be secured, to take steps to have an equivalent picture of the proceeding generated." *Commonwealth v. Lesko*, 15 A.3d 345, 410-411 (Pa. 2011), *citing* Pa.R.A.P. 1911(a) (appellant shall request necessary transcripts for appeal); Pa.R.A.P. 1923 (statement in the absence of transcript); Pa.R.A.P. 1924 (agreed upon statement of the record).

engaged in negotiations and we therefore flatly reject Appellant's contention in this regard. Moreover, there is no evidence that Appellant made **any** attempt at service and, thus, failed to satisfy his evidentiary burden of proving good faith regardless of whether his inaction was intentional, unintentional, or otherwise. There is also no record evidence of improper, but diligent, attempts at service or Haag's actual notice of the commencement of the action. Accordingly, for all of the foregoing reasons, we will not disturb the sound exercise of discretion by the trial court in determining that there was no good-faith effort to effectuate notice. Therefore, we hold that the trial court did not err in sustaining Haag's preliminary objections.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/30/2024